court is against the Townsend Bros. Milk Company from employing these men to solicit or work over the routes served by such employes at the time of leaving the branch of the plaintiff company. What cannot be done directly, may not be done indirectly. The injunction allowed in this case indirectly affects the employes, and prevents them from working over the routes or soliciting the customers on the routes over which they once worked. In my opinion an injunction should be refused, and the petition dismissed.

---

WICKHAM, ADMR., *v.* THE FARMERS' BANK.

*Banks and banking—Unincorporated bank controlled by State Banking Code—Section 710-77, General Code—Statute relating to partnerships conducting business under fictitious names, inapplicable—Section 8099, General Code—Compliance therewith unnecessary to maintain suit on negotiable instrument.*

An unincorporated bank is controlled by Section 710-77, General Code, Section 77 of the Banking Act (108 O. L. pt. 1, p. 97), and not by Section 8099, General Code, relating to partnerships carrying on business under fictitious names; and, where an unincorporated bank has complied with the provisions of Section 710-77, it is not subject to nonsuit for failure to file the certificate required by Section 8099.

(Decided June 4, 1925.)

ERROR: Court of Appeals for Delaware county.

*Messrs. Marriott, Freshwater, Wickham & Marriott,* for plaintiff in error.

*Messrs. Humes & Cupp*, for defendant in error.

HOUCK, J.  The cause originated in a court of a justice of the peace of Delaware county, Ohio, and was taken from that court to the common pleas court. The suit was commenced by the Farmers' Bank against the administrator of the estate of Andrew Miller, deceased, the plaintiff in error here, to recover on a promissory note given by Miller to the bank.

The bank is now and was at the time of the suit unincorporated, and the administrator set up as a defense to a recovery on the note that the bank had not complied with the provisions of Section 8099, General Code, which reads:

"Except as otherwise provided in the next following section, every partnership transacting business in this state under a fictitious name, or a designation not showing the names of the persons interested as partners therein, must file with the clerk of the common pleas court of the county in which its principal office or place of business is situated, a certificate to be indexed by him, stating the names in full of all the members of the partnership and their places of residence."

Upon the other hand, the bank insists it was not necessary for it to comply with above statutory provision, for the reason that it had complied with Section 710-77, General Code, which reads:

"Every unincorporated bank now transacting a banking business in this state, shall, under oath file with the superintendent of banks, a full, complete detailed statement of,

"1. Name of the bank.

"2. A copy of the articles of copartnership or agreement, under which the business of the bank is being conducted, which shall be executed and acknowledged by all of the parties interested therein, and at least one of whom shall be at all times a resident of the state of Ohio. If the banking business is being transacted or carried on by an individual, such individual shall at all times, while engaged in such banking business, be a resident of the state of Ohio.

"3. The county and city or village in which the bank is located, and the business carried on.

"4. The amount of permanent capital actually paid in and remaining in its possession, *bona fide,* as its property, for the sole purposes of the bank.

"5. A statement of the responsibility and the net worth of the individual members of such unincorporated bank.

"6. If not disclosed in the articles of copartnership or agreement, then the name of the officers, agents or employes in active charge of the management of the business of the bank.

"Every such unincorporated bank shall on or before January 1, 1920, and annually thereafter, file with the superintendent of banks a detailed statement as provided herein."

The common pleas court entered judgment in favor of the bank for the full amount sued for.

Question: Was this prejudicial to the rights of plaintiff in error?

We think the object and purpose of the Legislature, in the enactment of Section 710-77, General Code, was to cover just such cases as the instant

one. Here is and was an unincorporated bank. When it had complied with the statutory law it was authorized to continue in the banking business—to sue and be sued—and to transact all matters pertaining to the acts of an unincorporated bank, as provided by said statute and kindred sections thereto.

The defendant in error is a bank, and is governed by and amenable to the banking laws and not to those relating to partnerships. Hence the provisions of Section 8099, General Code, as we view same, have no application to the case at bar.

While the individual organization of the bank may in some respects savor of and pertain to that of a partnership, yet the aim, object, purpose, creation, and business being for banking purposes, it follows that the laws governing banks and not those governing partnerships apply to its conduct.

We therefore find and hold that defendant in error is clearly within and governed by the provisions of Section 710-77, General Code, and the kindred sections of the banking laws.

There is no error in the record prejudicial to the rights of the administrator of the estate of Andrew Miller, deceased, and it follows that the judgment of the common pleas court should be affirmed.

*Judgment affirmed.*

SHIELDS and PATTERSON, JJ., concur.